IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DINA SENGA KASWATUKA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00495-O-BP |
| § | |
| DALLAS/FORT WORTH § | |
| INTERNATIONAL AIRPORT BOARD, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the undersigned pursuant to Special Order 3 on May 15, 2020. ECF No. 3. Before the Court are the Notice of Related Action and Motion to Transfer to the Honorable Judge John H. McBryde (ECF No. 9) and the Motion to Dismiss (ECF No. 10) filed by Defendant Dallas/Fort Worth International Airport Board ("DFW"). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITH PREJUDICE** Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and **DENY AS MOOT** the Motion to Transfer.

### I. BACKGROUND

Proceeding *pro se*, Plaintiff Dina Senga Kaswatuka ("Kaswatuka") brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of her constitutional rights. ECF No. 1. Kaswatuka claims that DFW Airport police officers falsely accused her of planning a shooting at the airport where she worked as a Transportation Security Administration ("TSA") agent. *Id.* Kaswatuka alleges that the airport police falsely accused her because of her race, gender, disability, and national origin. *Id.* She seeks to recover an apology from the police department and DFW, at least $1,000,000.00 in compensatory damages, and all attorney fees. ECF No. 7.

On November 9, 2019, Kaswatuka filed a complaint against the United States Department of Homeland Security ("DHS"), alleging the same facts presented here. *See Kaswatuka v. U.S. Dep't of Homeland Sec.*, No. 4:19-cv-00947-A (N.D. Tex. June 5, 2020). On February 27, 2020, three months prior to the filing of this suit, Kaswatuka filed a complaint against DFW Airport Police that is identical to this one. *See Kaswatuka v. DFW Airport Police*, No. 4:20-cv-00192-A (N.D. Tex. Aug. 29, 2020). In both of those previous suits, as here, Kaswatuka claims that she suffered from discrimination because of her race, gender, disability, and national origin. *Dep't of Homeland Sec.*, No. 4:19-cv-00947-A, slip op. at 1; *DFW Airport Police*, No. 4:19-cv-00192-A, slip op. at 2.

Senior United States District Judge John McBryde dismissed both suits. In the DHS suit, he determined that Kaswatuka's claim did not satisfy the requirements of § 1983 because the federal agents were acting under color of federal, rather than state law. *Dep't of Homeland Sec.*, No. 4:19-cv-00947-A, slip op. at 5-6. Additionally, he held that even if the defendant's employees were acting under color of state law, Kaswatuka's claim was preempted by Title VII and the Rehabilitation Act. *Id.* at 6 (citing *Rolland v. U.S. Dep't of Veteran Affairs*, 146 F. App'x 743 (5th Cir. 2005); *Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999)).

In the DFW Airport Police case, Judge McBryde found that Kaswatuka failed to state a claim upon which relief could be granted. *DFW Airport Police*, No. 4:20-cv-00192-A, slip op. at 5. Specifically, he held that § 1983 claims do not allow "a governmental entity to be held vicariously liable for the actions of its officers under a theory of respondeat superior" and that Kaswatuka did not allege a constitutional violation. *Id.* at 6-7.

Because Kaswatuka's claims against DFW here are identical to those she brought against the DFW Airport Police that Judge McBryde previously dismissed, the undersigned

2

**RECOMMENDS** that Judge O'Connor dismiss this case with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### II.     LEGAL STANDARD

#### a.     Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### b.  42 U.S.C. § 1983

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935 (2014). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

In considering motions to dismiss section 1983 claims against public officials, the Court must not accept conclusory allegations or unwarranted deductions of fact as true because a heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Thus, the issue now before the Court "is not whether a plaintiff will ultimately prevail but whether [they are] entitled to offer evidence to support [their] claims." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

### III.  ANALYSIS

Kaswatuka's claims against DFW should be dismissed. She alleges that the airport police harassed, humiliated, and discriminated against her because of her race, gender, disability, and national origin. ECF No. 1. Specifically, she contends that they falsely accused her of planning a shootout at the airport because she is "a black female who suffered from military sexual trauma." ECF No. 7.

However, as Kaswatuka is aware from her previous case in this Court in which she sued DFW Airport Police, "§ 1983 does not allow a governmental entity to be held vicariously liable for the actions of its officers under a theory of respondeat superior." *DFW Airport Police*, No.

4:20-cv-00192-A, slip op. at 6 (citing 42 U.S.C. § 1983; *Bd. Of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Furthermore, she knew from her previous case that her complaint must state specific facts that show the relationship between a policy or custom adopted by the defendant and the underlying constitutional violation. *DFW Airport Police*, No. 4:20-cv-00192-A, slip op. at 6-7 (quoting *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (citation omitted)).

Despite Judge McBryde's previous decision in the DFW Airport Police case, Kaswatuka has not amended or revised her complaint to include specific facts and allegations against DFW, but instead she asserts the same conclusory allegations that she made before. *See* ECF Nos. 1, 14. In the instant case, Kaswatuka again alleges that the DWF Airport Police harassed and discriminated against her due to her race, gender, military sexual trauma, and national origin. *Id.* However, she again did not plead specific facts that either showed that DFW enacted the policy that police officers were acting under when they allegedly discriminated against Kaswatuka, or that DFW was directly involved in any way in such conduct. Instead, she attempts to hold DFW vicariously liable by focusing solely on the actions of its police officers. However, as Judge McBryde previously held, she cannot rely on the theory of respondeat superior in a § 1983 claim. *DFW Airport Police*, No. 4:20-cv-00192-A, slip op. at 7. Therefore, this claim should be dismissed for failure to state a claim.

Additionally, Kaswatuka has not stated any facts or alleged any actions or inactions on the part of DFW that violated her constitutional rights. She states in her amended complaint that the airport police refused to file charges against a passenger who assaulted her, refused to take her complaint that someone threatened her, and falsely accused her of planning a shooting at the airport. ECF No. 7 at 3-4. She alleges that the police acted in this manner because of her race, gender, military sexual trauma, and national origin. *Id.* at 4. However, as Judge McBryde determined, the police's alleged failures to act do not rise to the level of a constitutional violation

as their failures to perform their duty did not lead to a separate constitutional injury. *DFW Airport Police*, No. 4:20-cv-00192-A, slip op. at 11 (citing *Piotrowski v. City of Houston*, 237 F.3d 581-582 (5th Cir. 2001) (citations omitted).

Kaswatuka merely states that she was discriminated against on the basis of her race, gender, disability, and national origin and that this alone entitles her to relief under various amendments and statutes such as the Fourth and Fifth Amendment of the United States Constitution, the Civil Rights Act, and the Americans with Disabilities Act. Yet she has not made any specific, factual allegations supporting any of these claims. She simply recites the facts as she alleges them to have occurred without stating that she was deprived of a liberty or property interest without due process of law. She attempts to state a liberty interest by claiming that the airport police falsely accused her of wrongdoing, but this claim is without merit because there is no liberty interest in being free from an investigation, even if that investigation was based on a discriminatory intent. *See generally Paul v. Davis*, 424 U.S. 693, 711 (1976).

Finally, Kaswatuka's claims should be dismissed as they are barred by the doctrine of *res judicata*. Ordinarily, *res judicata* is an affirmative defense that cannot be brought in a motion to dismiss, but instead must be pleaded as an affirmative defense. *See Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 n.2 (5th Cir. 2005). However, dismissal under Rule 12(b)(6) is appropriate if "*res judicata* is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citation omitted). The preclusive effect of a federal court judgment is controlled by federal *res judicata* rules. *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664 (5th Cir. 1994). Accordingly, pursuant to federal law, *res judicata* is appropriate if: 1) the parties to both actions are identical or in privity; 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action

concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citation omitted).

Kaswatuka's previous action was filed against DFW's police department, the same department for whose officers' conduct she asserts that DFW is liable in this case. Kaswatuka alleged the same violations of her rights, and her previous case against the DFW Airport Police resulted in a final judgment on the merits by a court of competent jurisdiction. Kaswatuka does not challenge DFW's failure to plead *res judicata* as an affirmative defense. Instead she argues that *res judicata* does not apply because she did not appeal her previous lawsuit, nor did she refile the claim under the same incorrect party name. ECF No. 14 at 7. However, her decision not to appeal the judgment in her previous lawsuit does not alter its legal effect as a final adjudication on the merits. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Furthermore, the parties are identical in both actions. In Kaswatuka's previous lawsuit, she brought her claim against DFW Airport Police. *See DFW Airport Police*, No. 4:20-cv-00192-A, slip op. at 1. However, in that suit, the correct defendant to be named was in fact DFW, the same defendant named correctly in this suit. *Id*. Finally, both suits arise out of the same transaction involving the DFW Airport Police Department's alleged discrimination and false accusations against Kaswatuka. ECF No. 1 at 1; *see DFW Airport Police*, No. 4:20-cv-00192-A, slip op. at 2. Therefore, since all four necessary elements are met, the doctrine of *res judicata* applies, and this claim should be dismissed.

Kaswatuka is proceeding *pro se*, and the Court affords her latitude in her pleadings as required by *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, given the two previous suits that she filed against DHS and the DFW Airport Police, it appears that she has pleaded her best, albeit meritless, case against the defendant here. Accordingly, Judge O'Connor should dismiss this case with prejudice, just as Judge McBryde did in Kaswatuka's previous suit against the DFW Airport Police.

Since Judge O'Connor should dismiss Kaswatuka's claims against DFW for the reasons previously given, he also should deny the Motion to Transfer filed by DFW as moot. ECF No. 9.

## IV. RECOMMENDATION

For the reasons previously stated by Judge McBryde and those explained above, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, **with PREJUDICE**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** September 1, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE